IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE STATE OF GEORGIA,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS EL BEY ex rel. MARCUS LAQUAWN LODGE,<br><br>Defendant. | CIVIL ACTION FILE NO.<br><br>1:16-cv-00009-TWT |

## ORDER AND FINAL REPORT AND RECOMMENDATION

This matter is before the Court on the defendant's application to proceed *in forma pauperis* and affidavit in support. [Doc. 1]. The removing defendant, Marcus El Bey, a/k/a Marcus Laquawn Lodge ("El Bey"),[1] seeks leave to file this civil action without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a). After consideration of El Bey's affidavit of indigency, and without regard to the merits of this case, his motion to proceed *in forma pauperis* is hereby **GRANTED** pursuant to Section 1915(a).

---

[1] El Bey files his application and supporting documents under the name "Marcus El Bey ex rel. Marcus Laquawn Lodge," a construction ordinarily referring to one person's representation of the interests of another. It appears, however, that Marcus El Bey and Marcus Laquawn Lodge are the same individual.

Because this is a removal of a criminal prosecution, the Court is also required to promptly determine whether removal is proper. 28 U.S.C. § 1455(b)(4). For the following reasons, I conclude that El Bey does not have a viable basis to remove this action, and therefore **RECOMMEND** that this case be summarily **REMANDED** to the Superior Court of Rockdale County.

El Bey seeks to remove to this Court what appears to be a criminal prosecution of an unspecified "commercial offense" filed against him in State court. (Doc. 1-1, Notice of Removal, at pp. 1-2; *see also State of Georgia v. Bey*, Case No. 2015CR1502M, Superior Court of Rockdale County, Ga.) El Bey cites to 27 C.F.R. § 72.11, which defines "[c]ommercial crimes" to include a number of federal or state offenses, but he only describes the charged crime as "relating to the real property possessed by" him. (Doc. 1-1 at p. 2). He states that he does not include a copy of the criminal complaint, indictment, or other evidence of court proceedings against him with his Notice of Removal because he has not been served with any process. (Doc. 1-1 at pp. 1-2.)

As the party seeking removal, El Bey has the burden to establish federal jurisdiction. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Courts should construe removal statutes strictly, and doubts concerning jurisdiction

should be resolved in favor of remand to State court. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

A defendant may remove a State criminal prosecution to federal court under limited circumstances. These include certain prosecutions against or directed to officers of the United States and members of the armed forces of the United States. 28 U.S.C. §§ 1442(a), 1442a. Other circumstances include prosecutions against a person "who is denied or cannot enforce" in State court a right under a law "providing for the equal civil rights" of persons, or who is prosecuted for an act or refusal to act concerning such a law. 28 U.S.C. § 1443(1)-(2).[2]

To remove a criminal prosecution under Section 1443(1), the civil right allegedly denied must arise under a federal law "providing for specific civil rights stated in terms of racial equality," such as the Civil Rights Act of 1964. *Georgia v. Rachel*, 384 U.S. 780, 792-93 (1966). The defendant must also show that he is "denied or cannot enforce" the specific civil rights in the State court. *Rogers v. Rucker*, 835 F. Supp. 1410, 1412 (N.D. Ga. 1993) (citing *Johnson v. Mississippi*,

---

[2] Removal under Section 1443(2) has no application here because it is limited to removal by "federal officers and those authorized to act for them or under them" who are affirmatively executing duties under a federal law providing for equal civil rights. *Varney v. State of Ga.*, 446 F.2d 1368, 1369 (5th Cir. 1971) (citing *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808 (1966)). El Bey is not alleged to be a federal officer or one authorized to act for or under such an officer.

421 U.S. 213, 219 (1975)). Alternatively, a removing defendant may show that he was engaged in protected activity, that the State prosecution was brought against him for having engaged in the protected activity, and that the prosecution itself has the effect of coercing, intimidating, threatening, or otherwise interfering with his rights under the appropriate statute. *Alabama v. Conley*, 245 F.3d 1292, 1298 & n.9 (11th Cir. 2001) (citing *Sofarelli v. Pinellas Cnty.*, 931 F.2d 718, 720-22 (11th Cir. 1991)).

El Bey's Notice of Removal does not state or imply that he is an officer or agent of the United States or of its armed forces, that his prosecution results from or effects the denial of his civil rights specified in terms of racial equality, or that the prosecution itself interferes with those civil rights. Rather, the sole substantive basis for removal on which El Bey relies is 28 U.S.C. § 1333, which concerns the original jurisdiction of federal courts over "[a]ny civil case of admiralty or maritime jurisdiction" or "[a]ny prize brought into the United States and all proceedings for the condemnation of property taken as prize." 28 U.S.C. § 1333(1)-(2). Nothing in the Notice of Removal reflects, however, that the pending criminal proceeding arises under federal admiralty or "prize case" jurisdiction.

Thus, El Bey has stated no viable basis for removal of his criminal prosecution to federal court.[3]

Accordingly, as El Bey does not sufficiently state a substantive basis for removal of his criminal prosecution, I **RECOMMEND** that the case be summarily **REMANDED** to the Superior Court of Rockdale County pursuant to 28 U.S.C. § 1455(b)(4).

**IT IS SO ORDERED AND RECOMMENDED**, this 25th day of January, 2016.

_____
JOHN K. LARKINS III
United States Magistrate Judge

---

[3] The Notice of Removal is also procedurally deficient because it does not attach "a copy of all process, pleadings, and orders served upon" him in the action as required by 28 U.S.C. § 1455(a). Although El Bey contends that he has not been served with any "process, pleadings, or orders", he states that he has been arraigned and has made objections to "insufficient process and improper service." (Doc. 1-1 at pp. 1-2.) Thus, even if there were a substantive basis for removal in this action, this procedural defect would warrant summary remand.